**SEALED**

**FILED**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

2016 OCT -5  PM 1:48

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VLADIMIR VIDAURRI (1),<br>██████████████<br><br>FRANCISCO VIDAURRI aka<br>  "FRANKIE" (3),<br>NOE VIDAURRI (4),<br>GONZALO VIDAURRI (5),<br>JOSE GARCIA (6),<br>ROY HERNANDEZ (7),<br>██████████████<br><br>Defendants. | CRIMINAL NO.<br><br>INDICTMENT<br>**SA16CR0701 FB**<br>CT 1:  21:846 & 841(a)(1)-Conspiracy to Possess a Controlled Substance with Intent to Distribute (cocaine);<br>CT 2:  21:846 & 841(a)(1)-Conspiracy to Possess a Controlled Substance with Intent to Distribute (methamphetamine)<br>CT 3:  21:963 & 952(a)- Conspiracy to Import a Controlled Substance (cocaine);<br>CT 4:  21:963 & 952(a)- Conspiracy to Import a Controlled Substance (meth);<br>CT 5:  18:1956(a)(2)(A)-Laundering of Monetary Instruments;<br>CT 6:  21:959- Manufacture or Distribute a Controlled substance (Cocaine) (extra-territorial);<br>CT 7:  21:841(a)(1) & 18:2-Possession with Intent to Distribute a Controlled Substance (methamphetamine);<br>CT 8:  21:841(a)(1) & 18:2-Possession with Intent to Distribute a Controlled Substance (cocaine); Aiding & Abetting;<br>CT 9:  21:841(a)(1) & 18:2-Possession with Intent to Distribute a Controlled Substance (cocaine); Aiding & Abetting;<br>CT 10: 21:841(a)(1) & 18:2-Possession with Intent to Distribute a Controlled Substance (cocaine); Aiding & Abetting |



THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
(21 U.S.C. §§ 846 & 841(a)(1) & 841(b)(1)(A)(ii))

That beginning on or about January 1, 2013, and continuing through and including the date of this indictment, in the Western District of Texas, Defendant,

<u>VLADIMIR VIDAURRI (1)</u>,
██████████████

FRANCISCO VIDAURRI aka "FRANKIE" (3),
NOE VIDAURRI (4),
GONZALO VIDAURRI (5),

JOSE GARCIA (6),
ROY HERNANDEZ (7),



knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed together, with others to the Grand Jury unknown, to commit offenses against the United States, in violation of Title 21, United States Code, Section 846, that is to say, they conspired to possess a controlled substance, which offense involved 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, with intent to distribute same, contrary to Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii).

**QUANTITY OF CONTROLLED SUBSTANCE INVOLVED IN THE CONSPIRACY**

The quantity of the mixture or substance containing cocaine involved in the conspiracy and attributable to each Defendant as a result of each Defendant's own conduct and as a result of the conduct of other conspirators reasonably foreseeable to each Defendant is as follows:

| DEFENDANT | QUANTITY | STATUTE |
|---|---|---|
| VLADIMIR VIDAURRI (1) | 5 kilograms or more | 21 U.S.C. § 841(b)(1)(A)(ii) |
| ■■■ | 5 kilograms or more | 21 U.S.C. § 841(b)(1)(A)(ii) |
| FRANCISCO VIDAURRI aka "FRANKIE" (3) | 5 kilograms or more | 21 U.S.C. § 841(b)(1)(A)(ii) |
| NOE VIDAURRI (4) | 5 kilograms or more | 21 U.S.C. § 841(b)(1)(B)(ii) |
| GONZALO VIDAURRI (5) | 5 kilograms or more | 21 U.S.C. § 841(b)(1)(A)(ii) |
| JOSE GARCIA (6) | 5 kilograms or more | 21 U.S.C. § 841(b)(1)(A)(ii) |
| ROY HERNANDEZ (7) | 500 grams or more | 21 U.S.C. § 841(b)(1)(B)(ii) |
| ■■■ | 500 grams or more | 21 U.S.C. § 841(b)(1)(B)(ii) |
| ■■■ | 500 grams or more | 21 U.S.C. § 841(b)(1)(B)(ii) |
| ■■■ | 500 grams or more | 21 U.S.C. § 841(b)(1)(B)(ii) |
| ■■■ | 500 grams or more | 21 U.S.C. § 841(b)(1)(B)(ii) |

All in violation of Title 21, United States Code, Section 846.

2

## COUNT TWO
(21 U.S.C. §§ 846 & 841(a)(1) & 841(b)(1)(A)(viii))

That beginning on or about January 1, 2016, and continuing through and including the date of this indictment, in the Western District of Texas, Defendant,

**VLADIMIR VIDAURRI (1),**

**NOE VIDAURRI (4),
GONZALO VIDAURRI (5), and
JOSE GARCIA (6),**

knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed together, with others to the Grand Jury unknown, to commit offenses against the United States, in violation of Title 21, United States Code, Section 846, that is to say, they conspired to possess a controlled substance, which offense involved 50 grams or more of methamphetamine, a Schedule II Controlled Substance, with intent to distribute same, contrary to Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii)

## COUNT THREE
(21 U.S.C. § 963, 952(a) & 960(a)(1) & 960(b)(1)(B))

That beginning on or about January 1, 2013, and continuing through and including the date of this indictment, in the Western District of Texas, Defendants,

**VLADIMIR VIDAURRI (1),**

**FRANCISCO VIDAURRI aka "FRANKIE" (3),
NOE VIDAURRI (4),
GONZALO VIDAURRI (5),
JOSE GARCIA (6),
ROY HERNANDEZ (7),**

knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed together,

3

and with each other, and with others to the Grand Jury unknown, to commit offenses against the United States, in violation of Title 21, United States Code, Section 963, that is to say, they conspired to import a controlled substance, which offense involved five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, into the United States from Mexico, contrary to Title 21, United States Code, Sections 952(a), 960(a)(1) and 960(b)(1)(B).

## QUANTITY OF CONTROLLED SUBSTANCE INVOLVED IN THE CONSPIRACY

The quantity of the mixture or substance containing cocaine involved in the conspiracy and attributable to each Defendant as a result of each Defendant's own conduct and as a result of the conduct of other conspirators reasonably foreseeable to each Defendant is as follows:

| DEFENDANT | QUANTITY | STATUTE |
|---|---|---|
| VLADIMIR VIDAURRI (1) | 5 kilograms or more | 21 U.S.C. § 841(b)(1)(A)(ii) |
| ■■■ | 5 kilograms or more | 21 U.S.C. § 841(b)(1)(A)(ii) |
| FRANCISCO VIDAURRI aka "FRANKIE" (3) | 5 kilograms or more | 21 U.S.C. § 841(b)(1)(A)(ii) |
| NOE VIDAURRI (4) | 5 kilograms or more | 21 U.S.C. § 841(b)(1)(B)(ii) |
| GONZALO VIDAURRI (5) | 5 kilograms or more | 21 U.S.C. § 841(b)(1)(A)(ii) |
| JOSE GARCIA (6) | 5 kilograms or more | 21 U.S.C. § 841(b)(1)(A)(ii) |
| ROY HERNANDEZ (7) | 500 grams or more | 21 U.S.C. § 841(b)(1)(B)(ii) |
| ■■■ | 500 grams or more | 21 U.S.C. § 841(b)(1)(B)(ii) |
| ■■■ | 500 grams or more | 21 U.S.C. § 841(b)(1)(B)(ii) |
| ■■■ | 500 grams or more | 21 U.S.C. § 841(b)(1)(B)(ii) |
| ■■■ | 500 grams or more | 21 U.S.C. § 841(b)(1)(B)(ii) |

All in violation of Title 21, United States Code, Section 846.

## COUNT FOUR
(21 U.S.C. § 963, 952(a) & 960(a)(1) & 960(b)(1)(A))

That beginning on or about January 1, 2013, and continuing through and including the date of this indictment, in the Western District of Texas, Defendants,

**VLADIMIR VIDAURRI (1),**

4

NOE VIDAURRI (4),
GONZALO VIDAURRI (5), and
JOSE GARCIA (6),

knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed together, and with each other, and with others to the Grand Jury unknown, to commit offenses against the United States, in violation of Title 21, United States Code, Section 963, that is to say, they conspired to import a controlled substance, which offense involved five hundred grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, into the United States from Mexico, contrary to Title 21, United States Code, Sections 952(a), 960(a)(1) and 960(b)(1)(A).

## COUNT FIVE
(18 U.S.C. §§ 1956 (a)(1)(A)(i) & (ii) and 1956(h))

Beginning on or about January 1, 2013, and continuing through and including the date of this indictment, in the Western District of Texas and elsewhere, the Defendants,



VLADIMIR VIDAURRI (1),

NOE VIDAURRI (4),

did knowingly conspire with each other and others known and unknown to the Grand Jury to conduct and to attempt to conduct financial transactions, affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, to-wit: drug trafficking violations of Title 21, United States Code, Sections 846 and 841(a)(1), with the intent to promote the carrying on of the specified unlawful activity knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

## COUNT SIX
## (21 U.S.C. § 959)

That beginning on or about January 1, 2013, and continuing through and including the date of this indictment, in the Republic of Mexico and elsewhere, Defendants,

**VLADIMIR VIDAURRI (1),**

**FRANCISCO VIDAURRI aka "FRANKIE" (3),
NOE VIDAURRI (4), and
GONZALO VIDAURRI (5),**

knowingly, intentionally, and unlawfully distributed 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, intending and knowing that said controlled substance would be unlawfully imported into the United States, in violation of Title 21, United States Code, Section 959.

## COUNT SEVEN
## (21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A)(viii) & 18 U.S.C. § 2)

That beginning on or about March 23, 2016, in the Western District of Texas, Defendants,

**GONZALO VIDAURRI (5), and
JOSE GARCIA (6),**

knowingly and intentionally possessed with intent to distribute a controlled substance, and aided and abetted the knowing and intentional possession with intent to distribute a controlled substance, which offense involved fifty grams or more methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(viii) and 18 U.S.C. § 2.

## COUNT EIGHT
## (21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B)(ii) & 18 U.S.C. § 2)

That on or about June 23, 2016, in the Western District of Texas and elsewhere, Defendants,

**VLADIMIR VIDAURRI (1),**
████████████████████████████████

knowingly and intentionally possessed with intent to distribute a controlled substance, and aided and abetted the knowing and intentional possession with intent to distribute a controlled substance, which offense involved one hundred grams or more of a mixture or substance containing a 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(ii) and 18 U.S.C. § 2.

## COUNT NINE
(21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B)(ii) & 18 U.S.C. § 2)

That on or about July 7, 2016, in the Western District of Texas and elsewhere, Defendants,

**VLADIMIR VIDAURRI (1),**
████████████████████████████████
**FRANCISCO VIDAURRI aka "FRANKIE" (3), and
ROY HERNANDEZ (7),**

knowingly and intentionally possessed with intent to distribute a controlled substance, and aided and abetted the knowing and intentional possession with intent to distribute a controlled substance, which offense involved one hundred grams or more of a mixture or substance containing a 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(ii) and 18 U.S.C. § 2.

## COUNT TEN
(21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B)(ii) & 18 U.S.C. § 2)

That on or about July 13, 2016, in the Western District of Texas and elsewhere, Defendants,

**VLADIMIR VIDAURRI (1),**
████████████████████████████████

knowingly and intentionally possessed with intent to distribute a controlled substance, and aided and abetted the knowing and intentional possession with intent to distribute a controlled substance, which offense involved one hundred grams or more of a mixture or substance containing a 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(ii) and 18 U.S.C. § 2.

## NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE
[*See* Fed. R. Crim. P. 32.2.]

This Notice of Demand for Forfeiture includes but is not limited to the property described below in Paragraphs III through V.

### I.
### Drug Violations and Forfeiture Statutes
[Title 21 U.S.C. §§ 841, 846, 952, 959, 960, 963, subject to forfeiture pursuant to Title 21 U.S.C. §§ 853(a)(1) and (2).]

As a result of the foregoing criminal violations set forth above, the United States of America gives notice to the Defendant(s) listed in said count(s) of its intent to seek the forfeiture of the property described below upon conviction pursuant to Fed. R. Crim. P. 32.2 and Title 21 U.S.C. §§ 853(a)(1) and (2), which state:

> Title 21 U.S.C. § 853. Criminal forfeitures
> **(a) Property subject to criminal forfeiture**
> Any person convicted of a violation of this subchapter or subchapter II of this chapter punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law—
>> (1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;
>> (2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

### II.
### Money Laundering Violations and Forfeiture Statutes
[Title 18 U.S.C. § 1956, subject to forfeiture pursuant to Title 18 U.S.C. § 982(a)(1).]

As a result of the foregoing criminal violations set forth above, the United States of America gives notice to the Defendant(s) listed in said count(s) of its intent to seek the forfeiture of the property described below upon conviction pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. § 982(a)(1), which states:

### Title 18 U.S.C. § 982.  Criminal forfeiture
(a)(1) The court, in imposing sentence on a person convicted of an offense in violation of section 1956, 1957, or 1960 of this title, shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property.

### III.
### Properties

#### Real Properties

1. Real Property located and situated at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ with all buildings, appurtenances, and improvements thereon and any and all surface and sub-surface rights, title, and interests, if any, and being more fully described as follows:

   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

2. Real Property located and situated at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ with all buildings, appurtenances, and improvements thereon and any and all surface and sub-surface rights, title, and interests, if any, and being more fully described as follows:

   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

3. Real Property located and situated at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ with all buildings, appurtenances, and improvements thereon and any and all surface and sub-surface rights, title, and interests, if any, and being more fully described as follows:

4. Real Property located and situated at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ with all buildings, appurtenances, and improvements thereon and any and all surface and sub-surface rights, title, and interests, if any, and being more fully described as follows:

**Personal Properties**

1. ▮▮▮▮▮▮ in the name of ▮▮▮▮▮▮ located at ▮▮▮▮▮▮

2. $66,358.00, More or Less, in United States Currency.

## IV.
## Money Judgment

**Money Judgment**: A sum of money equal to the value of the property involved in, the proceeds from, and the facilitating property from the violations charged in the indictment for which the Defendants assessed a money judgment are jointly and severally liable.

## V.
## Substitute Assets

If any of the property described above as being subject to forfeiture for the violations set forth above, as a result of any act or omission of the Defendant(s):

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America to seek forfeiture of any other property, up to the value of said money judgment, as substitute assets pursuant to Title 21 U.S.C. 853(p) and Fed. R. Crim. P. 32.2(e)(1).

A TRUE BILL.

███████████████
FOREPERSON OF THE GRAND JURY

RICHARD L. DURBIN, JR.
UNITED STATES ATTORNEY

BY: *[signature]*
RUSSELL D. LEACHMAN
Assistant U.S. Attorney